IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | HONORABLE Richard Alan Enslen U.S. District Judge |
| v. | ) ) | CASE NO. |
| TRANSPORTATION MANAGEMENT, INC., | ) ) | **COMPLAINT** 1:03CV0484 **AND JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole David Zepeda ("Zepeda").

The Equal Employment Opportunity Commission alleges that Defendant, Transportation Management, Inc., violated the Americans with Disabilities Act by refusing to hire Zepeda, a qualified individual with a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. Section 1981(A).

2. The employment practices hereafter alleged to be unlawful were committed in the

1

Western District of Michigan.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant TMI Corporation was doing business in the State of Michigan and the City of Lansing, and continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant TMI Corporation was continuously engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant TMI Corporation was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Zepeda filed a charge with the Commission alleging violations of Title I of the ADA by Defendant TMI Corporation. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning in January 1998, Defendant TMI Corporation engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Lansing, Michigan facility. The Defendant's unlawful practices include, but are not limited to, the refusal of Defendant to hire him

once it became aware of his disability.

9. Zepeda is a qualified individual with a disability who was able to perform the essential functions of his position with or without reasonable accommodation.

10. The effect of the above-mentioned, unlawful employment practices has been to deprive Zepeda of equal employment opportunities because of his disability.

11. The above-mentioned, unlawful employment practices were intentional.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order the Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant Employer to provide training to its management employees regarding disability harassment and the ADA's requirement to provide a reasonable accommodation to disabled employees;

D. Order the Defendant Employer to make whole Zepeda by providing him with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant Employer to make whole Zepeda by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above in amounts to be proven at trial.

F.    Grant the Commission its costs in this action; and

G.    Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

Equal Employment Opportunity Commission
1801 L. Street, N.W.
Washington, D.C. 20507

7/16/03
DATE

ADELE RAPPORT (P41833)
Regional Attorney

STANLEY PITTS (P33519)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226
(313) 226-6701

4